Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8057 | **DATE** | 4/20/2004 |
| **CASE TITLE** | Direct TV Inc vs. James Rajkovac | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 6/2/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendant's motion to dismiss Count III is granted. Count III of plaintiff's complaint is dismissed with prejudice. Enter Memorandum Opinion and Order. Defendant to file an answer by 5/4/04. Parties to exchange rule 26(a)(1) disclosures by 5/18/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 APR 20 PM 3:06 | date mailed notice | |
| MF | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 03 C 8057 |
| JAMES RAJKOVAC, | ) |
| | ) Judge John W. Darrah |
| Defendant. | ) |

DOCKETED APR 21 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, DirecTv, Inc., filed suit against Defendant, James Rajkovac, alleging that the Defendant purchased and used devices designed primarily for the purpose of pirating DirecTv's satellite transmissions in derogation of DirecTv's rights to receive compensation for receipt of its signals. Plaintiff seeks civil damages in the form of actual or statutory damages, as well as injunctive relief pursuant to 18 U.S.C. § 2512, as set forth in Count III of the Complaint.

Presently before the Court is Defendant's Motion to Dismiss Count III of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to

hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

DirecTv is a California-based company in the business of distributing satellite television broadcasts throughout the United States. DirecTv developed a satellite system capable of transmitting various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes, also known as "satellite programming." DirecTv relays digital signals from the United States to satellites orbiting many miles above Earth. Those signals are then broadcast back to Earth where fixed outdoor satellite dishes can receive DirecTv's satellite programming. The satellite dish is connected by cable to an indoor satellite receiver which is then connected by cable to a television monitor.

The signal beamed from space to various areas in the United States can be received by installing a satellite dish and paying DirecTv a fee to use its television broadcast services. DirecTv uses encryption technology to digitally scramble the signal. The signal is unusable before it is unscrambled. Each indoor satellite receiver contains a removable access card that holds a computer-type chip that stores and applies the information necessary to unscramble the satellite signals being received through the satellite dish. DirecTv electronically programs these access cards to close or open television channels based upon the particular programming package a customer has purchased.

The encryption technology used by DirecTv has not prevented the development of devices and equipment (pirate access devices) which provide the user with access to all of DirecTv's satellite programming with no payment to the company.

2

On or about May 25, 2001, DirecTv, with the help of law enforcement, obtained a substantial body of shipping records, email communications, credit card receipts, and other records confirming the existence of distribution sources for the country-wide "transmission of devices primarily designed for the unauthorized interception" of DirecTv's satellite programming by use of pirate access devices.

Defendant is one of the purchasers of pirate access devices from a member of the Fulfillment Pirate Group. The Defendant received the satellite programming by means including but not limited to: (a) maintaining satellite dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable the Defendant to unscramble, receive, and exhibit encrypted satellite programming transmissions without authorization; and/or (b) by such other means to effectuate the unauthorized reception of the satellite programming which are unknown to DirecTv and known only to Defendant.

Defendant contends that Count III of Plaintiff's Complaint should be dismissed because, as a matter of law, 18 U.S.C. § 2520 does not support a civil cause of action for violations of 18 U.S.C. § 2512.

Count III alleges a private cause of action under section 2512. Specifically, the Defendant "possessed, manufactured, and/or assembled an electronic, mechanical or other device," knowing, or having a reason to know, that the design of such a device renders it primarily useful for the interception of satellite television broadcasts in violation of Section 2512, and that DirecTv is entitled to damages under Section 2520, as a result of Defendant's violation of Section 2512.

Although it is a crime under Section 2512(1)(b) to manufacture, assemble, possess or sell any device designed to intercept electronic communications, such conduct does not subject a person to

civil liability. *Directv, Inc. v. Cardona*, 275 F. Supp.2d 1357, 1367 (M.D. Fla. 2003). Section 2520(a) only provides a private right of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" to seek damages from "the person or entity . . . which engaged in that violation." 18 U.S.C. § 2520(a).

The plain and unambiguous language of Section 2520(a) limits those against whom a private cause of action lies to persons who intercept, disclose or use electronic communications. That class of persons does not include manufacturers, assemblers, possessors, and sellers of satellite decrypters. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588-89 (4th Cir. 1985); *Cardona*, 275 F.Supp.2d at 1367. Section 2520(a) does not, by its express terms, incorporate Section 2512(1)(b) into its private cause of action language. *Flowers*, 773 F.2d at 588-89; *Cardona*, 275 F.Supp.2d at 1362-70; *Directv v. Amato*, 269 F.Supp.2d 688, 689-91 (E.D. Va. 2003).

It is apparent that Congress expressly intended to create a private cause of action by Section 2520(a). *DirecTv, Inc. v. Westendorf*, 2003 WL 22139786, *2. When Congress does so, an implied right of action may not be inferred "without powerful support in the legislative history." *Comty. and Econ. Dev. Assoc. of Cook County v. Suburban Cook County Area Agency on Aging*, 770 F.2d 662, 666 (7th Cir. 1985). "Implied causes of action are disfavored and should be found only where a statute clearly indicates that the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie." *Flowers*, 773 F.2d at 589. Section 2520(a) includes the same particular language of the criminal offenses set forth in Section 2511(1)(a) but specifically excludes the language of Section 2512(1)(b) (*i.e.*, "manufactures," "assembles," "possesses," and "sells"). Therefore, Section 2520(a), in creating a private cause of action, must be construed to exclude that type of conduct proscribe only in Section

4

2512(1)(b). Where "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *MBH Commodity Advisors, Inc. v. Commodity Futures Trading Comm.*, 250 F.3d 1052, 1062 (7th Cir. 2001).

Moreover, nothing in the legislative history of Section 2520(a) or Section 2512 indicates Congress intended to create an implied cause of action beyond that expressly provided in Section 2520(a). *Westendorf*, 2003 WL 22139786 at 2. In light of the foregoing, there is not a private cause of action, express or implied, under Section 2512 as alleged in Count III. *See Westendorf*, 2003 WL 22139786 at 2; *Cardona*, 275 F.Supp.2d at 1368.

For the foregoing reasons, Defendant's Motion to Dismiss Count III is granted. Count III of Plaintiff's Complaint is dismissed with prejudice.

Dated: April 20, 2004

JOHN W. DARRAH
United States District Judge